**Ali Amzad HOSSAN, Petitioner,**

v.

**John ASHCROFT, Attorney General,\* Respondent.**

No. 02–72074.
Agency No. A70–940–128.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.\*\*

Decided Sept. 21, 2004.

---

\* The Court grants respondent's request to change the docket, pursuant to 8 U.S.C. § 1252(b)(3)(A), to reflect John Ashcroft, Attorney General, as the proper respondent.

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Reynold E. Finnegan, Finnegan & Diba, A Law Corporation, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., David Dauenheimer, Office of Immigration Litigation, Department of Justice, Washington, DC, for Respondent.

Before PREGERSON, T.G. NELSON and GRABER, Circuit Judges.

MEMORANDUM ***

Ali Amzad Hossan, a native and citizen of Bangladesh, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's factual findings regarding changed country conditions for substantial evidence. *Lopez v. Ashcroft*, 366 F.3d 799, 805 (9th Cir.2004). We deny the petition for review.

The IJ's determination that changed country conditions have undermined Hossan's well-founded fear of future persecution is supported by substantial evidence. The IJ based her decision on Hossan's own testimony that the Bangladesh Nationalist Party is no longer in power and the new ruling party, the Awami League, has released former Jatiyo President Ershad from prison. *See Acewicz v. INS*, 984 F.2d 1056, 1059–1061 (9th Cir.1993) (evidence that persecuting party no longer controls the government supports finding of no well-founded fear).

Because Hossan failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Fisher v. INS*, 79 F.3d 955, 960–61 (9th Cir.1996) (en banc).

Hossan's contention that the BIA's summary affirmance is a violation of due process is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 850–51 (9th Cir. 2003).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire on issuance of this court's mandate.

PETITION FOR REVIEW DENIED.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.